## IN THE COURT OF COMMON PLEAS, BUTLER COUNTY
## STATE OF OHIO

2019 03 0597

| | | |
|---|---|---|
| Daniel L. Hellmuth, Pro Se Plaintiff | ) ) ) ) | |
| | ) | Case: |
| vs. | ) ) | |
| City of Middletown, Ohio | ) | Hon. Judge James A. Grogan |
| Larry Mulligan, Jr., Mayor | ) | |
| Talbott Mood, Vice Mayor | ) | |
| Steve Bohannon | ) | |
| Joe Mulligan | ) | Original Complaint |
| Ami Vitori | ) | |
| Douglas Atkins, City Manager | ) | |
| Sarah Fox, Attorney | ) | |
| Lt. Scott Reeve | ) | |
| Susan Cohen, Assistant Law Director | ) | |

---

Now comes Daniel L. Hellmuth, Plaintiff Pro Se, an honorably discharged 100% totally and permanently disabled Vietnam veteran, filing this Complaint. Plaintiff reserves the right to amend this Complaint.

## COMPLAINT

This case is NOT about a property dispute but it IS about the City of Middletown's failure to do a proper investigation of Daniel L. Hellmuth, Pro Se being set up for a police shooting by the Trenton Police orchestrated by City of Middletown Police Major Leanne Hood, under the color of law and the City of Middletown's failure to intervene and several violations of Ohio Revised Code. All of the evidence is documented in court filings. It is about the City of Middletown's neglect or failure on the part of a public officer to do and perform some duty or duties laid on him as such by virtue of his office or which is required of him by law. The City of Middletown failed to conduct a proper investigation as admitted to Special Agent Richard Ward by

1

Middletown Police Lieutenant Scott Reeve. The City of Middletown employees are guilty of causation, the relationship of cause and effect of an act or omission, active concealment of a known felony rather than merely failing to report it and damages alleged in a tort or personal injury action, complicity with City of Middletown Notary Shelley Meehan and City of Middletown Police Major Leanne Hood to perpetuate the criminal act of aggravated menacing, false statements, concealment 18 U.S.C. § 1001 and Ohio Revised Code 2921.22 Failure to report a crime or knowledge of a death or burn injury. Because of their actions or inactions or criminal activity, Plaintiff Daniel L. Hellmuth, Pro Se lost ownership of his $350,000.00 home and was set up to be murdered in a police shooting by Trenton Police under aggravated assault, orchestrated by Middletown Police Major Leanne Hood and protected by the City of Middletown. Daniel L. Hellmuth, Plaintiff Pro Se is the only civilian in this Complaint, all of the Defendants are Officers of the Court.

## BRIEF

The listed Defendants committed Neglect of Duty, Causation, Negligence, Felonious Assault, Failure to report a crime, Libel and Slander and Failure to Intervene against the Plaintiff, all of which as employees of the City of Middletown, Ohio.

## INDEX

City of Middletown, Ohio

1. Neglect of Duty
2. Causation
3. Negligence
4. Slander and Libel
5. Complicity
6. Failure to report a crime
7. False Statements
8. Failure to Intervene

Larry Mulligan, Jr., Mayor
1. Neglect of Duty
2. Causation
3. Negligence
4. Slander and Libel
5. Complicity
6. Failure to report a crime
7. Slander and Libel
8. Failure to intervene

Talbott Mood, Vice Mayor
1. Neglect of Duty
2. Causation
3. Negligence
4. Slander and Libel
5. Complicity
6. Failure to report a crime
7. Failure to intervene

Steve Bohannon
1. Neglect of Duty
2. Causation
3. Negligence
4. Slander and Libel
5. Complicity
6. Failure to intervene

Joe Mulligan
1. Neglect of Duty
2. Causation
3. Negligence
4. Slander and Libel
5. Complicity
6. Failure to intervene

Ami Vitori
1. Neglect of Duty
2. Causation
3. Negligence
4. Slander and Libel
5. Complicity
6. Failure to intervene

Douglas Atkins, City Manager



1. Neglect of Duty
2. Causation
3. Negligence
4. Failure to report a crime
5. Slander and Libel
6. Complicity
7. Failure to intervene

Sarah Fox, Attorney
1. Neglect of Duty
2. Causation
3. Negligence
4. Failure to report a crime
5. Slander and Libel
6. Complicity
7. False Statements, Concealment
8. Failure to intervene

Lt. Scott Reeve
1. Neglect of Duty
2. Causation
3. Negligence
4. Failure to report a crime
5. Slander and Libel
6. Complicity
7. False statements, Concealment
8. Failure to intervene

Susan Cohen, Assistant Law Director
1. Neglect of Duty
2. Causation
3. Negligence
4. Failure to report a crime
5. Slander and Libel
6. Complicity
7. False statements, Concealment
8. Failure to intervene

Law references:

1. Neglect of Duty, State ex rel. Hardie v. Coleman, 115 Fla. 119 (Fla. 1934); 18 U.S.C. § 242
2. Causation *Summers v. Tice*, 33 Cal.2d 80, 199 P.2d 1 (1948)
3. Negligence, Gregg v Hatcher, 125 S.W. 1007 (Ark.)
4. Ohio Revised Code 2903.11 *[Effective Until 3/20/2019]* Felonious assault
5. Ohio Revised Code 2739.01 Libel and slander

4

6. Ohio Revised Code 2921.22 Failure to report a crime or knowledge of a death or burn injury.
7. Ohio Revised Code 2923.03 Complicity
8. False Statements, Concealment 18 U.S.C. § 1001
9. Failure to Intervene 18 U.S.C. § 242, Failure to Intervene 42 U.S. Code § 1983 Civil action for deprivation of rights

Exhibits:

A. Exhibit A Heilmuth v. Meehan CV 2018 07 1487
B. Exhibit B Trenton Police Report
C. Exhibit C Telephone interview with Lt. Scott Reeve
D. Exhibit D Motion for Summary Judgement in CV 2017 10 2386

# ARGUMENT

## 1. Neglect of Duty:

Neglect of duty is the omission to perform a duty. *Neglect of duty has reference to the neglect or failure on the part of a public officer to do and perform some duty or duties laid on him as such by virtue of his office or which is required of him by law.* It is not material whether the neglect is willful, through malice, ignorance or oversight, when such neglect is grave and the frequency of it is such as to endanger or threaten the public welfare, it is gross. [State ex rel. Hardie v. Coleman, 115 Fla. 119 (Fla. 1934)].

## 2. Causation:

*Causation is the relationship of cause and effect of an act or omission and damages alleged in a tort or personal injury action.* A plaintiff in a tort action should prove a duty to do or not do an action and a breach of that duty. It should also be established that the loss was caused by the defendant. Causation factor can be decided by the 'but for' test. *Causation can be established if the damages or injury would not have caused but for the conduct of the defendant.* But, if the accident would have occurred in any event, there is no causation. Causation means the

5

causing or producing of an event. For example, a plaintiff should prove causation. It could also mean casualty which is the relation between cause and effect. (Black's Law Dictionary, 7th Edition 1999)

3. **Negligence:**

Characterized by a person's failure to exercise the degree of care that someone of ordinary prudence would have exercised in the same circumstance. (Black's Law Dictionary, 7th Edition 1999)

4. **Ohio Revised Code 2903.11** *[Effective Until 3/20/2019]* **Felonious assault.**

(A) No person shall knowingly do either of the following:

(1) Cause serious physical harm to another or to another's unborn;

(2) Cause or *attempt to cause physical harm to another* or to another's unborn by means of a deadly weapon or dangerous ordnance.

5. **Ohio Revised Code 2921.22 Failure to report a crime or knowledge of a death or burn injury.**

(A)

(1) Except as provided in division (A)(2) of this section, no person, knowing that a felony has been or is being committed, shall knowingly fail to report such information to law enforcement authorities.

(2) No person, knowing that a violation of division (B) of section 2913.04 of the Revised Code has been, or is being committed or that the person has received information derived from such a violation, shall knowingly fail to report the violation to law enforcement authorities.

**6. 2739.01 Libel and slander.**

In an action for a libel or slander, it is sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff. If the allegation is denied, the plaintiff must prove the facts, showing that the defamatory matter was published or spoken of him. In such action it is not necessary to set out any obscene word, but it is sufficient to state its import.

Effective Date: 10-01-1953.

**7. Ohio Revised Code 2923.03 Complicity.**

(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

(1) Solicit or procure another to commit the offense;

(2) *Aid or abet another in committing the offense;*

(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

(4) Cause an innocent or irresponsible person to commit the offense.

**8. False Statements, Concealment 18 U.S.C. § 1001**

(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

7

**(2)** makes any materially false, fictitious, or fraudulent statement or representation; or

**(3)** makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both. If the matter relates to an offense under chapter 109A, 109B, 110, or 117, or section 1591, then the term of imprisonment imposed under this section shall be not more than 8 years.

If the false statement was volunteered to an FBI agent the Supreme Court has held that § 1001 does apply. *United States v. Rodgers*, 466 U.S. 475 (1984). In *Rodgers* the court concluded: (1) that criminal investigations fell within the term "in any matter"; and (2) that the FBI qualified as a "department or agency." In *Rodgers* the language "within the jurisdiction" was held to merely differentiate the official, authorized functions of an agency or department from matters peripheral to the business of that body.

From *Rodgers* it is also clear that the term "jurisdiction," defined as the "right to say and the power to act" (*Gonzales v. United States*, 286 F.2d 118 (10th Cir. 1960), *cert. denied*, 365 U.S. 878 (1961)), should not be given a narrow or technical meaning (*United States v. Fern*, 696 F.2d 1269 (5th Cir. 1983)), and extends to the power to investigate. The statute has also been held to apply if the false response is made to an investigator other than an FBI agent. *See United States v. Ratner*, 464 F.2d 101 (9th Cir. 1972)(employee of the United States Internal Revenue Service); *United States v. Mahler*, 363 F.2d 673 (2d Cir. 1966)(employee of the United States Securities and Exchange Commission); *Frasier v. United States*, 267 F.2d 62 (1st Cir. 1959)(employee of the

8

United States Army); *Tzantarmas v. United States*, 402 F.2d 163 (9th Cir. 1968), *cert. denied*, 394 U.S. 966 (1969)(employee of the United States Immigration and Naturalization Service).

**9. Failure to Intervene 42 U.S. Code § 1983 Civil action for deprivation of rights:**

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

(R.S. § 1979; Pub. L. 96–170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.)

# STATEMENT OF CLAIM

The City of Middletown Mayor Larry Mulligan, Jr. knew about the actions of his employees because he was named as a co-defendant in Ohio case CV 2017 10 2386 before Honorable Magistrate Lynn Busch-Heyman dismissed him in the third Magistrate's hearing yet did nothing about it. City of Middletown Vice-Mayor Talbott Mood knew about the lawsuit by Plaintiff Pro Daniel L. Hellmuth including Mayor Larry Mulligan, Jr. and the City of Middletown Police Chief Rodney Muterspaw but also chose to ignore the actions of his

employees. Councilman Steve Bohannon, Councilman Joe Mulligan, Councilwoman Ami Vitori and City Manager Douglas Atkins all knew about the lawsuit by Plaintiff Pro Daniel L. Hellmuth against the Mayor and the Police Chief but they chose to ignore it. City of Middletown attorney Sarah Fox appeared in Magistrate Lynn Busch-Heyman's hearing to have the Mayor removed from the Pro Se lawsuit showing that she knew about Plaintiff Pro Daniel L. Hellmuth's lawsuit but chose to do nothing about it.

City of Middletown attorney Sarah Fox appeared before Honorable Magistrate Lynn Busch-Heyman in Ohio CV 2017 10 2386 to have the Police Chief Rodney Muterspaw dismissed and Honorable Magistrate Lynn Busch-Heyman did so in the open hearing. She knew about the City of Middletown Notary Shelley Meehan's Fraud upon the Court yet she said nothing. The City of Middletown attorney Sarah Fox neglected her duty to investigate Daniel L. Hellmuth, Plaintiff Pro Se claims by simply asking City of Middletown Notary Shelley Meehan if the Daniel L. Hellmuth, Plaintiff Pro Se and his wife were present when she notarized the signatures on the deed transfer, which they were not. This is a *neglect of duty* to conduct a proper investigation, complicity with City of Middletown Notary Shelley Meehan and City of Middletown Police Major Leanne Hood to perpetuate the fraud, False Statements, Concealment 18 U.S.C. § 1001 and Ohio Revised Code 2921.22 *Failure to report a crime* or knowledge of a death or burn injury.

The Attorney General assigned the BCI (Bureau of Criminal Investigation) Special Agent Richard Ward to investigate Daniel L. Hellmuth, Plaintiff Pro Se claims. When Agent Ward contacted Middletown Police Lieutenant Scott Reeve, he "stated that Leanne Hood had a quit claim deed notarized by a non-sworn in member of the Middletown Police Department, which Leanne Hood supervises, for the purpose of the transfer of a residence located in Trenton, Ohio.

The deed transferred the residence from the plaintiff to the defendants, however Hellmuth was not present to sign the deed." This is a *neglect of duty* to conduct a proper investigation, *complicity* with City of Middletown Notary Shelley Meehan and City of Middletown Police Major Leanne Hood to perpetuate the fraud, False Statements, Concealment 18 U.S.C. § 1001 and Ohio Revised Code 2921.22 *Failure to report a crime* or knowledge of a death or burn injury. (Ref. Exhibit A CV 2018 07 1487)

There was no mention in Special Agent Richard Ward's report of Middletown Police Major Leanne Hood setting up Hellmuth for as police shooting by calling the Trenton Police Department and under the color of law, told them that Daniel L. Hellmuth, Plaintiff Pro Se had a CCW (concealed carry weapon) and that Daniel L. Hellmuth, Plaintiff Pro Se was a "Veteran who has been mentally unstable" without factual or scientific evidence. This is a *criminal act of aggravated menacing,* False Statements, Concealment 18 U.S.C. § 1001, Ohio Revised Code 2903.11 *[Effective Until 3/20/2019]* Felonious assault, 2739.01 Libel and slander. (Exhibit B Trenton Ohio Police Report)

Lt. Reeve stated that "the City of Middletown Law Director's (Susan Cohen) Office was conducting an internal investigation into the matter. Initially, Reeve thought that Hood was read "Garrity Rights" for the purpose of an internal investigation; however learned later that no attempt to interview Hood was done, nor any rights read." This is a *neglect of duty* to conduct a proper investigation, complicity with City of Middletown Notary Shelley Meehan and City of Middletown Police Major Leanne Hood to perpetuate the criminal act of aggravated menacing and Felonious Assault, False Statements, Concealment 18 U.S.C. § 1001 and Ohio Revised Code

2921.22 Failure to report a crime or knowledge of a death or burn injury. (Ref. Exhibit C

Telephone interview with Lt. Scott Reeve)

Special Agent Richard Ward reported that Susan Cohen, Assistant Law Director with the

City of Middletown, provided him with a copy of the civil action (CV 2017 10 2386) filed by

Daniel Hellmuth on December 6, 2017 in Butler County Common Pleas Court. However, Ms.

Cohen failed to provide to Special Agent Richard Ward with Daniel L. Hellmuth, Plaintiff Pro

Se's motion of March 6, 2018 describing the set up for a police shooting by Middletown Police

Major Leanne Hood. Susan Cohen either didn't read all of the filings in the case as a *neglect of

duty* or attempted to cover up the actions of Leanne Hood to keep Special Agent Richard Ward

from learning about it. This is *active concealment of a known felony* rather than merely failing to

report it, complicity with City of Middletown Notary Shelley Meehan and City of Middletown

Police Major Leanne Hood to perpetuate the fraud, False Statements, Concealment 18 U.S.C.

§ 1001 and Ohio Revised Code 2921.22 Failure to report a crime or knowledge of a death or

burn injury. (Ref. Exhibit C Telephone interview with Lt. Scott Reeve, Exhibit D Motion for

Summary Judgement)

On January 17, Special Agent Richard Ward spoke with Butler County Assistant

Prosecutor Brad Buress on the phone in regard to the property offense case involving Daniel

Hellmuth. Mr. Buress failed to mention the set up for a police shooting by Middletown Police

Major Leanne Hood. Mr. Buress' action provided an additional cover up of the actions of

Middletown Police Major Leanne Hood. This is active concealment of a known felony rather

than merely failing to report it, complicity with City of Middletown Notary Shelley Meehan and

City of Middletown Police Major Leanne Hood to perpetuate the criminal act of aggravated

menacing, False Statements, Concealment 18 U.S.C. § 1001 and Ohio Revised Code 2921.22

Failure to report a crime or knowledge of a death or burn injury. (Ref. Exhibit D Telephone

interview with Lt. Scott Reeve)

## PLEADING

Daniel L. Hellmuth, Pro Se asks the court to rule in his favor, awarding him

$10,000,000.00 solely and separately of the Defendants in this case, the City of Middletown,

Ohio for Neglect of Duty, Causation, active concealment of a known felony, violations of Ohio

Revised Code and failure to intervene, libel and slander in the actions and inactions of the City of

Middletown employees and the threat of deadly harm by Trenton Police orchestrated by

Middletown Police Major Leanne Hood under the color of law.

Respectfully submitted this 21St day of March, 2019,

*Daniel L. Hellmuth*

Daniel L. Hellmuth, Pro Se
1620 Bryant Drive Unit 2403
Round Rock, TX 78664
Ph: (513) 320-5369
Fax: (330) 230-6163
danhellmuth@outlook.com

## CERTIFICATE OF SERVICE:

2019 03 0597

I, Daniel L. Hellmuth, mailed a copy of this Complaint to the following on March 19, 2019 by Priority Mail signature required:

Larry Mulligan, Jr., Mayor,
Talbott Mood, Vice Mayor,
Steve Bohannon,
Joe Mulligan,
Ami Vitori,
Douglas Atkins, City Manager,
Sarah Fox, Attorney,
Lt. Scott Reeve,
Susan Cohen, Assistant Law Director,
City of Middletown
One Dunhom Plaza
Middletown, OH 45042

Daniel L. Hellmuth, Pro Se
1620 Bryant Drive Unit 2403
Round Rock, TX 78664
Ph: 513-320-5369
Fax: 330-230-6163
danhellmuth@outlook.com

Jul. 31. 2018 12:40PM    paris ellis                        No. 2182   P. 2

FILED

2018 AUG -1 AM 9: 13

MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS

## COURT OF COMMON PLEAS
## BUTLER COUNTY, OHIO
## CIVIL DIVISION

DANIEL L. HELLMUTH,                    *    Case No.: CV 2018 07 1487

          Plaintiff,                   *

Vs.                                    *

                                       *    ANSWER OF DEFENDANT

SHELLEY MEEHAN                         *
     Defendant.

---

Now comes the Defendant, Shelley Meehan, by and through her attorney, Paris K. Ellis, and states for her answer to the Plaintiff's Complaint as follows:

1. Defendant admits she notarized a Survivorship Deed referenced as Exhibit A in Plaintiff's Complaint when neither Plaintiff or his wife were present.

2. Defendant denies each and every other allegation constrained in Plaintiff's "Original Complaint" and all other documents served with the complaint.

### SECOND DEFENSE

Plaintiff's claims are barred by insufficiency of process.

### THIRD DEFENSE

Plaintiff's claims are barred by insufficiency of service of process.

### FOURTH DEFENSE

*Paris K. Ellis*
Attorney-at-Law
300 North Main Street
Suite 600
Middletown, Ohio 45042
(513) 423-0194
fax (513) 423-0363

## Exhibit A

Feb. 9. 2018    T R E N T O N  CITY OF
Aggravated Assault/Homicide Circumstan              Statement Obtain

## PERSON INFORMATION

INVPERNo.: 2       HOOD, LEANNE M 800 DRY RIDGE CT TRENTON
OH 45067
SSN: ********
                    Date of Birth: 5/1 2/1969 Age. 48 YRS Date of Emancipation:/ /
D.L. No.: ********
                    State. *     Exp. Date: / /          Phone: 51 3-373-6502

3 3



**Trenton Police Department**
11 E State ST
Trenton, OH  45067-0000
Phone 513-988-6341 Fax 513-988-5173
**Incident / Offense Report**
**1-18-000062**

Print Date/Time:
2/05/2018  12:57

Place of Birth:                          Country:

Gender: F Race: w       Hgt: 5' 5"      vvgt: 1 25 To 1 25    Hair: BRO      Eyes  GRN
Residential Status: Resident                              Marital Status:

Aggravated Assault/Homicide Circumstance.               Statement Obtained:

---

| Narrative Type: Dispatch Narrative | Topic: TRANSFERRED FROM CAD |
| --- | --- |
| Narrative Officer: Holland, Chelsey (158) | Narrative Date/Time: 1/1 1/201 8 09:37 |
| Approved By:     Chaney, Jamy (123) | Approval Date/Time: 01/13/2018 121 1 |

STAND BY FOR PROPERTY EXCHANGE DANIEL HELLMUTH CCW
AND VETERAN WHO HAS BEEN MENTALLY UNSTABLE OFF DUTY
OFFICER FROM MIDDLETOWN REQ STAND BY FOR PROPERTY
EXCHANGE MR HELLMUTH GOT HIS PROPERTY

---

| **Narrative Type:**   Incident Report/Information | **Topic:** |
| --- | --- |
| Narrative Officer: Root, Jeffrey (133) 133 | Narrative Date/Time: 1/1 1/201 8     13 |
| Approved By:     Chaney, Jamy (123) | Approval Date/Time:   01/13/2018 1213 |

   I responded to 800 Dry Ridge Ct. to meet with Leanne Hood reference a standby while her father
(Daniel Hellmuth) came and got some property from the residence. Leanne and Daniel are going through a civil
dispute over the residence and Daniel no longer lives there. Leanne stated Daniel requested to come get some
property form the residence yesterday in court, so Leanne had it waiting for him when he arrived. Daniel pulled up in
his vehicle and Leanne handed him a box of his property that he requested. Daniel became animated with his
movements and demanded he get to go into the residence to get more property. Leanne refused to allow him to go in
and told him he had no rights to the property. Daniel then called Leanne a "bitch" and got back into his vehicle and
left the premises.

   This report is for information purposes only.

---

# Exhibit B



**Ohio Attorney General's Office**
**Bureau of Criminal Investigation**
**Investigative Report**

2018-0090
Property Offense – Daniel Hellmuth (V)



BCI

| | |
|---|---|
| Involves: | Susan Cohen (O) |
| Date of Activity: | 01/18/2018 |
| Activity Location: | Reeve, Lt. Scott – Business – 1 Donham Place, Middeltown, OH 45042, Butler County |
| Author: | SA Richard Ward, #55 |

**Narrative:**

On or about January 18, 2018, Ohio Bureau of Criminal Investigation (BCI) Special Agent Richard Ward spoke with Lt. Scott Reeves, Middletown Police Department via telephone and informed him based upon the opinion from the Butler County Prosecutor's Office that the case is civil in nature. Therefore, BCI would not open a criminal investigation and will conclude our involvement.

**Exhibit C**

This document is the property of the Ohio Bureau of Criminal Investigation and is confidential in nature. Neither the document nor its contents are to be disseminated outside your agency.

Finalized by SAS Roger Davis on 05/09/2018

**IN THE COURT OF COMMON PLEAS, BUTLER COUNTY**
**STATE OF OHIO**

<table>
<tr><td>
Daniel L. Hellmuth<br>
Plaintiff<br>
Pro Se<br><br>
Vs.<br><br>
Leanne Hood, Herbert Hood II<br>
Officers of the Court of Record ET AL<br>
Magistrate Lynn A. Busch-Hayman,<br>
James C. Smith (0018022),<br>
Mark Hoffman, Middletown Police<br>
Major, Rodney Muterspaw, Middletown<br>
Police Chief, Jeffrey Root (133),<br>
Jamy Chaney (123), other Trenton<br>
Police Officers during Inspections of<br>
Site, Other Officers Unknown,<br>
Defendants
</td>
<td>
)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)
</td>
<td>
Judge Michael J. Oster Jr.<br>
NO.   CV 2017 10 2386
</td>
</tr>
</table>

FILED
2018 MAR -5 AM 10: 22
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS

---

# MOTION FOR SUMMARY JUDGEMENT

The Plaintiff demands satisfaction in the Motion for Summary Judgement because the Officers of the Court continue to turn this case of property theft into a three-ring circus. Despite frequent references in the Plaintiff's court filings, the Court still refuses to acknowledge the Plaintiff's wife's will. (Exhibit "A")

    1.(a) Now comes Daniel L. Hellmuth, Plaintiff, amending the original Complaint that upon orders of the Court and actions of the Defendants stated in this amended filing, for their actions of **Fraud Upon the Court** upon the inspections of the property in question ordered by the Court, that the Officers of the Court committed fraud at the inspection of the property, also of their written reports violating the Constitutional rights and civil rights of the Plaintiff, Daniel L. Hellmuth.

    1.(b) REFERENCE. When I arrived on Ginger Ridge on January 11, 2018, the street leading to Dry Ridge Court, I noticed a Trenton Police Cruiser parked at the bottom of the hill. As I passed the police cruiser, I noticed that the police cruiser was running and

**Exhibit D Page 1**

a Trenton Police officer was in the driver's seat. I proceeded past the police cruiser and continued up the hill. The Trenton Police Cruiser followed me up the hill. When I turned onto Dry Ridge Court, I noticed another Trenton Police cruiser parked next to the driveway and the Defendants had parked in the driveway with two of the Defendants cars blocking it so I could not park my car in the driveway.

1.(c) REFERENCE. When I exited my car and started towards the house, the Defendant handed me a box of my computer accessories rather than the items expressed in the Court proceedings. I then stated that there were other items in the house that I needed and that I needed to enter the house and get my belongings. The Defendant stated that I was not going into the house. I restated that the Magistrate gave me permission to enter the house and get the items that I needed. Again, I was denied access and entry to the property and the house. Then I noticed that everyone else present were standing behind their vehicles. I then said that was not what the Magistrate told me in Court, so I left the scene.

1.(d) REFERENCE exhibit "B" Trenton Police report attached. This report is an example of the Officers of the Court working in concert with the Defendants by stating "DANIEL HELLMUTH CCW AND VETERAN WHO HAS BEEN MENTALLY UNSTABLE." I feel that is a personal unwarranted attack by this Trenton police officer by his own statements are hearsay based on a third party, that anyone can see that this is a personal statement to taint myself as a threat to their safety, stating that I was mentally unstable. There are no medical records in the United States stating that the Plaintiff has been or is unstable. There are no police reports in the United States stating that I have been or am unstable. Therefore, I state a similar case, officer Julian Steele which encompasses the cite (**State vs Steele, 138 Ohio.3d1, 2013-Ohio-2470**).

NOTATION: This is criminal law -- offensive - intimidation **R.C. 2921.03-Abduction-R.C. 2905.02(a)(1)** Police Officer not exempt from prosecution for offense of intimidation for abusing power to interrogate or knowingly filing a materially false complaint to intimidate or influence witness-jury instruction, defining "privilege" in context of police officer's privilege to arrest and detain is not plain error when instruction is identical to definition of privilege in **R.C. 2901.01(a)(12)**. "**Nos.2011-2015 and 2011-2178 submitted March 12, 2013-Decided June 18, 2013**."

1.(e) They are not qualified to make that statement. And this is more than just slander; had the Plaintiff known he was being labeled as mentally unstable by the Officers of the Court, he would not have gone to the house and be set up for "Death by Cop" as reported daily on the television news across the country. They were just waiting for an excuse to shoot the Plaintiff and say it looked like the Plaintiff was going for his gun, but the Plaintiff was unarmed. It happens every day and the Plaintiff would be dead -- case closed. They would have all written the same report of the incident, "The Plaintiff looked like he was going for a gun." **This ambush action by the Defendants is criminal**. As Officers of the Court, they have poisoned the Court and the Plaintiff demands a mistrial. The Plaintiff cannot possibly get a fair and unbiased trial in the Butler County Court and he demands the trial be ruled on now for the Plaintiff.

**Exhibit D Page 2**

-2-

2019 93 0597

Police have killed 964 people this year (sic. 2017), according to the *Washington Post* fatal force database. That's one person more than 2016 despite claims by police departments that they're increasing the use of body cameras and improving training. *Out of the 964 people killed, 66 people were unarmed.*

1.(f) REFERENCE. On Saturday, at 10:00 am on February 3, 2018, I again visited the house at the direction of the Butler County Magistrate in order to take inventory of my possessions still in the house. There was a Butler County Deputy's cruiser parked in front of the house and a Trenton Police Cruiser next to the driveway. I parked my car in the driveway and I went into the house through the front door. I saw a Butler County Deputy Sheriff Deputy and a Trenton Police Officer standing in the kitchen area. I said "hello" to the Officers and began to take inventory of my possessions in the house. At times it was difficult to concentrate on my task at hand because of the loud talking and laughter among the Officers of the Court in the living room area.

When I completed the inventory of the master bedroom, I came out of the bedroom and met a man in plain clothes that I hadn't seen before. I asked him who he was and he told me, but I didn't recognize the name. I then asked him what he was doing there and he told me that he was a witness. I continued with the upstairs inventory and when I completed the upstairs inventory, I said to the Defendants that I needed to go into the basement. Once again, the Defendants told me I was not going into the basement. Evidently, one of the other Officers of the Court told the Defendants that I had a right to inventory the basement. At that time, one of the Defendants, Leanne Hood came over to me and told me that I had to say "Please". I told her that I did not have to say "Please" to her, the door was unlocked and I went downstairs.

While I was in the unfinished portion of the basement, I noticed that my upright washer/dryer were missing as well as my upright freezer. When I asked the Defendant Leanne Hood where they were, she shouted that the washer and dryer were hers, that she bought them with her own money. I simply said that there was a washer/dryer and an upright freezer in the house when she moved in, and then I went upstairs to the main house. When I got there, I announced that I was finished and left the premises. As I left the house, one of the Trenton Police Officers told me that he'd move his cruiser so I could get out. He had blocked my car from leaving, once again trying to intimidate me.

NOTATION: When the Plaintiff requested a copy of the Trenton police report, the only item on the report was the statement, OUT SPEAKING WITH SUBJECTS, OFF DUTY MIDDLETOWN MAJOR REQUESTED TO SPEAK WITH P33 PREVIOUS STANDBY. (Exhibit "C") Everything else on the report, including the names of two (2) Trenton Police Department deputies, one Butler County Sheriff Deputy, and one unknown Middletown Major. There was no reason for any off-duty Middletown police Major to be at the house. There were seven (7) Officers of the Court intimidating one (1) Pro Se while taking inventory of his own possessions in a house he bought, built and paid for.

**Exhibit D Page 3**

1.(f) Because the Plaintiff wasn't allowed to have a witness with him at the house visit, yet there were six (6) Officers of the Court there, one of which was from Middletown Police Department, the Plaintiff demands that the Middletown Police Chief and the Middletown Police Major be reinstated to this case as Defendants. There was no reason for a Middletown Police Department officer to be at the house, and the Middletown Police Chief needs to explain in open court why he sent second-in-command there. This is another example of flagrant violation of the Plaintiff's Constitutional protections and **Fraud upon the Court.**

**R.C. 5301.01 Acknowledgment of deed, mortgage, land contract, lease or memorandum of trust.**

(A) A deed, mortgage, land contract as referred to in division (A)(21) of section 317.08 of the Revised Code, or lease of any interest in real property and a memorandum of trust as described in division (A) of section 5301.255 of the Revised Code shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease or shall be signed by the trustee in the case of a memorandum of trust. *The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the trustee, before a judge or clerk of a Court of record in this state, or a county auditor, county engineer, notary public, or mayor, who shall certify the acknowledgement and subscribe the official's name to the certificate of the acknowledgement.* The notary public, another officer of the Court, who acknowledged the Plaintiff and his now deceased wife's signature, falsified her witness to the signatures. The Plaintiff and his wife never met with the Notary Shelly Meehan to have any signatures notarized. The Notary Shelly Meehan, upon coercion by and in concert with the Defendants, falsified the signatures by illegally providing her stamp and signature, adding to the Officers of the Court working in concert against the Plaintiff. This illegal action voids the deed transfer by the Defendants and requires that this Notary be reinstated as a Defendant in this case for working in concert with the Defendants to steal the property from the Plaintiff.

In review of all that has happened since the Defendants first proposed living in the Plaintiff's house, everything happening in this case is the result of a grand scheme by the Defendants to steal the Plaintiff's house by a vindictive daughter with police powers; the greedy exploitation of a father's love for his daughter resulting in violating **Ohio law of Criminal Theft by Deception:**

*2913.01 Theft and fraud general definitions.*

As used in this chapter, unless the context requires that a term be given a different meaning:

(A) "Deception" means knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact.

**Exhibit D Page 4**

(B) "Defraud" means to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another.

**2006 Ohio Revised Code - 2913.02. Theft.**

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

(3) **By deception**;

(4) By threat;

(5) **By intimidation**.

(B) (1) Whoever violates this section is guilty of theft.

(2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars or if the property stolen is any of the property listed in **section 2913.71 of the Revised Code**, a violation of this section is theft, a felony of the fifth degree. If the value of the property or services stolen is five thousand dollars or more and is less than one hundred thousand dollars, a violation of this section is grand theft, a felony of the fourth degree. *If the value of the property or services stolen is one hundred thousand dollars or more and is less than five hundred thousand dollars, a violation of this section is aggravated theft, a felony of the third degree.* If the value of the property or services is five hundred thousand dollars or more and is less than one million dollars, a violation of this section is aggravated theft, a felony of the second degree. If the value of the property or services stolen is one million dollars or more, a violation of this section is aggravated theft of one million dollars or more, a felony of the first degree.

(3) Except as otherwise provided in division (B)(4), (5), or (6), (7), or (8) of this section, *if the victim of the offense is an elderly person or disabled adult, a violation of this section is theft from an elderly person or disabled adult, and division (B)(3) of this section applies.* Except as otherwise provided in this division, theft from an elderly person or disabled adult is a felony of the fifth degree. If the value of the property or services stolen is five hundred dollars or more and is less than five thousand dollars, theft from an elderly person or disabled adult is a felony of the fourth degree. If the value of the property or services stolen is five thousand dollars or more and is less than twenty-five thousand dollars, theft from an elderly person or disabled adult is a felony of the third degree. If the value of the property or services

**Exhibit D Page 5**

stolen is twenty-five thousand dollars or more and is less than one hundred thousand dollars, theft from an elderly person or disabled adult is a felony of the second degree. *If the value of the property or services stolen is one hundred thousand dollars or more, theft from an elderly person or disabled adult is a felony of the first degree.*

This is a textbook example crime of Theft by Deception of an elderly disabled person and has to be adjudicated in a Court of law. The Plaintiff is a 71 year old totally disabled Vietnam veteran, the victim of Officers of the Court, and demands justice be done.

1.(g) The Plaintiff faxed three documents to the Butler County Clerk of Courts; 1) an updated Statement of Case, 2) a brief of the updated Statement of Case, and 3) a Motion of Discovery for an unredacted Trenton Police report of the second house visit and the Middletown Police Report of their officers presence in the house. The Clerk of Courts office claims they never received the Plaintiff's fax messages, yet the Plaintiff has statements from his fax service that the Clerk of Courts did in fact receive them but either destroyed them or "misplaced" them to protect the Officers of the Court. (Exhibits "D" fax delivery notice) The documents themselves will also be delivered in person to the Judge. All of these documents will be presented to the Judge at the hearing since there isn't a better way to make sure he gets them. **Another example of flagrant violations of the Plaintiff's Constitutional protections.**

1.(h) The deed transfer of July 7, 2016 was signed under duress from both the pressure put on the Plaintiff and his wife, and the life threatening medical disability of the Plaintiff's wife at the time. This is evidenced and proven by the Affidavit dated September 28, 2016 filed and recorded, and signed by both the Plaintiff and his wife. REFERENCE. Real Estate Affidavit, exhibit "E" and exhibit "F" Affidavit written and signed by Alan Doll and Shirley Doll. **This is the basis for a Wrongful Death suit against the Defendants, Officers of the Court.**

1.(i) At the first hearing of the Butler County Court, the Defendant's attorney said that the Plaintiff was belligerent at his visit to the house on January 11, 2018, but this is hearsay evidence because he wasn't there at the time. It should have been stricken from the record at the time but when the Plaintiff objected, the Magistrate told him to sit down, be quiet and he would have a chance to talk. But before the Plaintiff could say anything, the Magistrate said his Court filings were contemptuous. This is clearly bias on the Court because the Plaintiff is Pro Se and not using a paid attorney, and because of her judicial bias, the Plaintiff feels that he cannot get a fair trial in the Butler County Court system and demands a mistrial without prejudice because of her judicial bias.

Since there is no method of obtaining the documents in the Motion for Discovery in time for the March 22, 2018 meeting with the Judge, there is no other alternative for the court at that date but to declare a mistrial, refer the Defendants to the Butler County Prosecutor for Crimes against the Plaintiff and his wife, refer the case to the Probate Court for returning the possession of the house to the Defendant and let the Plaintiff seek judicial judgement against the Officers of the Court in the Federal court system. This case has become a "dog and pony show" in the Butler County Courts and is paramount to a cow jumping over the moon.

**Exhibit D Page 6**

- 6 -

03/26/19 01:19AM EDT na -> Butler County Clerk          5138873966 Pg 3/3

FILED BUTLER CO.
COURT OF COMMON PLEAS
MAR 26 2019
MARY L. SWAIN
CLERK OF COURTS

## CERTIFICATE OF SERVICE:

I, Daniel L. Hellmuth, mailed a copy of this Complaint to the following on March 19, 2019 by Priority Mail signature required:

Larry Mulligan, Jr., Mayor
City of Middletown
One Dunham Plaza
Middletown, OH 45042

Lt. Scott Reeve
City of Middletown
One Dunham Plaza
Middletown, OH 45042

Talbott Mood, Vice Mayor
City of Middletown
One Dunham Plaza
Middletown, OH 45042

Susan Cohen, Assistant Law Director
City of Middletown
One Dunham Plaza
Middletown, OH 45042

Steve Bohannon
City of Middletown
One Dunham Plaza
Middletown, OH 45042

Joe Mulligan
City of Middletown
One Dunham Plaza
Middletown, OH 45042

*Daniel L Hellmuth*

Daniel L. Hellmuth, Pro Se
1620 Bryant Drive Unit 2403
Round Rock, TX 78664
Ph: 513-320-5369
Fax: 330-230-6163
danhellmuth@outlook.com

Ami Vitori
City of Middletown
One Dunham Plaza
Middletown, OH 45042

Douglas Atkins, City Manager
City of Middletown
One Dunham Plaza
Middletown, OH 45042

Sarah Fox, Attorney
City of Middletown
One Dunham Plaza
Middletown, OH 45042

14