**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DANIEL HELLMUTH,                                           Case No. 1:19-cv-303

        Plaintiff,

                                                         Black, J.
       v.                                                  Bowman, M.J.

CITY OF MIDDLETOWN, et. al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff initially filed this case against ten Defendants in the Butler County Court of Common Pleas, but on April 26, 2019, the Defendants timely removed the case to this Court. Pursuant to local practice, the case has been referred to the undersigned magistrate judge. This order addresses two documents filed by Plaintiff, and sets a deadline for the Defendants to file a motion for judgment on the pleadings.

**I.    Pending Matters**

**A.  Objections to Minute Entry/ Request to Reschedule Conference (Doc. 13)**

On July 10, 2019, the undersigned convened a telephonic conference at which Plaintiff failed to appear. During the telephonic hearing, defense counsel moved to dismiss the entirety of this case based upon Plaintiff's failure to participate in a "meet and confer" discovery conference, as required under Rule 26(f), Fed. R. Civ. P. However, the undersigned denied Defendants' motion "at this time." (Minute Entry). Defendants also stated their intention to file a motion for judgment on the pleadings in the near future. Based upon that representation, the Court indicated that a calendar would be established following the disposition of any such motion. (*Id.*)

1

On July 15, 2019, Plaintiff filed an "objection" to the minute entry, alleging that he had not received notice of the July telephonic conference "nor was there a notice on the Docket." Plaintiff alleges that he "checks the docket daily" from his residence in Texas "due to the fact that mail service in Round Rock, Texas leaves much to be desired." (Doc. 13).

Contrary to Plaintiff's representation, the docket sheet reflects a Notice of the telephonic conference was filed electronically on June 10, 2019, and that a paper copy of the Notice was sent by regular mail on the same date to Mr. Hellmuth in Texas. Service by U.S. Postal Service that is not returned to this Court is entitled to a presumption of receipt. Based upon the combination of electronic service and U.S. mail service, the undersigned finds no need to reconvene the telephonic conference.

In any event, the undersigned notes that the only ruling made during the telephonic hearing was *in favor of the Plaintiff* (the denial of Defendants' oral motion to dismiss for failure to prosecute). The substance of the hearing is accurately reflected in the minute entry. However, because Defendants have not yet followed through on their stated intention to move for judgment on the pleadings, the Court will set a deadline for the filing of any such motion.

### B. Motion for Recusal (Doc. 14)

On August 19, 2019, Plaintiff filed a "motion for recusal of Judge Michael Barrett and Magistrate [Judge] Stephanie Bowman." (Doc. 14). Plaintiff's motion is comprised of generic references to legal standards applicable to recusal, with no attempt to link those standards to any specific conduct by the undersigned magistrate judge or the presiding district judge. Only at the conclusion of his motion does Plaintiff articulate any reason at

2

all to support recusal or disqualification on the record presented. Specifically, Plaintiff suggests that recusal is required in the above-captioned case because "both Honorable Judge Michael Barrett and Magistrate [Judge] Stephanie Bowman have a personal bias against Daniel L. Hellmuth, Po Se and have erroneously and unfairly judicated case 1:18-CV-00397 by ignoring and dismissing all claims against the defendants in that case, demonstrating their personal unfairness and bias against Daniel L. Hellmuth, Pro Se." (Doc. 14 at 4).[1] The undersigned takes judicial notice of the fact that Plaintiff has filed similar motions for recusal in another case. *See* Case No. 19-cv-259, Doc. 19 (denying Plaintiff's first motion for recusal); *see also id.* at Doc. 22 (substantially identical second motion for recusal, based upon prior adverse rulings in Case No. 1:18-cv-397).[2]

Plaintiff's current motion presents no grounds for recusal beyond those presented in the motions he filed in Case No. 19-cv-258. Plaintiff argues that "personal unfairness and bias" is demonstrated by the adverse rulings previously made by this Court in Case No. 1:18-cv-397. It is not. As reflected in the R&R filed in Case No. 1:18-cv-397, the undersigned recommended dismissal of that case based upon a lack of federal subject matter jurisdiction over the asserted claims, and alternatively, based upon the *Rooker-Feldman* doctrine and absolute judicial immunity as to rulings made by the state court magistrate in a related state court case. Judge Barrett adopted the R&R and a Supplemental R&R as the opinion(s) of the Court after fully considering and overruling

---

[1] In *Hellmuth v. Hood*, Case No. 1:18-cv-397, Judge Barrett adopted the Report and Recommendation filed by the undersigned magistrate judge on February 26, 2019, dismissing the case with prejudice. However, Plaintiff's appeal of that decision to the Sixth Circuit Court of Appeals remains pending. The undersigned notes that U.S. Magistrate Judge Karen Litkovitz similarly recommended dismissal of a different prior case filed by Plaintiff, Case No. 1:18-cv-340, and her Report and Recommendation was also adopted by the presiding district judge. Plaintiff's appeal of that decision also remains pending.

[2] Plaintiff also previously filed a motion seeking the recusal of a state court judge. (Doc. 6). The undersigned denied that motion as moot, subject to renewal should this matter be later remanded to state court. (Doc. 7).

3

Plaintiff's legal objections. (*Id.*, Doc. 64).

The referenced adverse rulings provide no basis for the recusal of either the undersigned magistrate judge or of Judge Barrett. As the Supreme Court explained in *Liteky v. United States*:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.*, 114 S.Ct. 1147, 1157, 510 U.S. 540, 555 (1994).

**II. Conclusion and Order**

Accordingly, **IT IS ORDERED THAT**:

1. Plaintiff's "objection" to the minute entry of July 10, 2019 is overruled, and his construed motion to reconsider and/or to reschedule the telephonic hearing (Doc. 13) is DENIED;

2. Plaintiff's motion for recusal (Doc. 14) is DENIED;

3. Consistent with their previously stated intent, Defendants shall file a motion to dismiss or for judgment on the pleadings not later than October 4, 2019. If no Rule 12 motion is filed by that date, the Court will enter a calendar order.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge