UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL L. HELLMUTH,

    Plaintiff,

v.

CITY OF MIDDLETOWN, OHIO, et al.,

    Defendants.

Case No. 1:19-cv-303

Cole, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motion for judgment on the pleadings. Also before the Court are Plaintiff's motions for summary judgment. For the reasons stated below, the undersigned finds that Defendants are entitled to judgment as a matter of law.

    **I.    Background and Facts**

In his Complaint, Plaintiff contends that Defendants "fail[ed] to do a proper investigation of [Plaintiff] being set up for a police shooting by the Trenton Police [and] fail[ed] to intervene[.]" Id. at PageID 34-35. Plaintiff's Complaint also alleges that Defendants are "guilty" and that the "actions or inactions or criminal activity" of certain Defendants have been ignored, including actions that were alleged in prior state and federal court lawsuits filed by Plaintiff. *Id.* at PageID 42-46. The complaint identified the following "claims" against Defendants: Neglect of Duty; Causation; Negligence; Slander and Libel; Complicity; Failure to report a crime; False Statements; Failure to Intervene; and Concealment. See Doc. #4, PageID 35-37. As compensation for Defendants' alleged

violations of law, Plaintiff's Complaint seeks damages in the amount of $10,000,000.00. Id. at PageID 46.

On September 20, 2019, Defendants filed their Motion for Judgment on the Pleadings ("MJP"). See Doc. #16, PageID 135-147. On September 25, 2019, Plaintiff Daniel L. Hellmuth ("Plaintiff") filed a Motion for Summary Judgment ("First MSJ"). See Doc. #17, PageID 148-150. On October 10, 2019, Defendants timely filed their Memorandum in Opposition to Plaintiff's Motion for Summary Judgment ("Opposition to First MSJ"). See Doc. #18, PageID 154-156. Plaintiff did not file a brief in reply.

On December 10, 2019, and after Plaintiff's attempted appeal to the United States Court of Appeals for the Sixth Circuit was dismissed, Plaintiff was ordered "to file any response in opposition to Defendants' [MJP] as well as any reply memorandum in support to his [First MSJ] with the Court no later than January 3, 2020." See Doc. 24, PageID 204. The Order further stated that ["i]n the event that Plaintiff does not file his opposition to Defendants' motion for judgment on the pleadings by the January 3, 2020 deadline, Defendants' motion will be construed as unopposed and may be granted for the reasons stated therein." Id. No such memorandum in opposition or response to the "show cause" order was filed.

**II. Analysis**

Plaintiff failed to comply with the Court's most recent "show cause" order. The Defendants' unopposed motion for judgment on the pleadings has now been pending for over six months. The undersigned has reviewed that motion and finds it well-reasoned and well-supported.

Based upon the grounds advocated by the Defendants, they are entitled to

judgment as a matter of law because: (1) 18 U.S.C. §§ 242 and 1001 do not create private causes of action, and Plaintiff has failed to connect his independent 42 U.S.C. § 1983 claim to a violation of constitutional or federal law; (2) the Ohio criminal statutes identified in Plaintiff's Complaint do not afford him private causes of action; (3) neglect of duty and causation are not valid Ohio common law claims, and Plaintiff's negligence and slander/libel (i.e., defamation) allegations fail to state claims for relief that are plausible on their face; and (4) assuming arguendo that Plaintiff has stated a plausible claim for relief, Defendants are entitled to qualified immunity because they acted reasonably under the circumstances. Defendants persuasively argue that Plaintiff has failed to show the existence of any genuine issue of material fact to support any of the elements of his claims.

Last but not least, this case should be dismissed based upon Plaintiff's failure to file any timely response to the Court's "show cause" order, which amounts to a failure to prosecute. Plaintiff was explicitly warned in the Court's last order that a failure to respond "will result" in the recommendation that the Defendants' motion be granted.

As noted above, Plaintiff has failed to filed a response in opposition to Defendants' motion for judgment on the pleadings. Yet, Plaintiff did file a second motion for summary judgment. Upon careful review, however, Plaintiff's motions for summary judgment fail to address the arguments raised in Defendants' motion for judgment on the pleadings. Notably, Plaintiff's motions for summary judgment assert that he is entitled to judgment as a matter of law because he "has proven that the City of Middletown Notary Shelley Meehan who notarized the deed transfer, was not in the presence of [Plaintiff] and his now deceased wife, Susan Gail Hellmuth, therefore making the deed transfer illegal in a

court of law[.]" Id. at PageID 148. However, even if Plaintiff has proven that Notary Meehan did not properly notarize the deed transfer as he alleges, such an action does not reach the level of a constitutional violation which would confer jurisdiction to this federal court.  In addition, Plaintiff also concludes that Magistrate Judge Stephanie Bowman is "collu[ding]" with Defendants "to commit Fraud Upon the Court in both the original Butler County case CV 2017 10 2386 and in the Federal case 1:18-cv-00397[.]" Id. However, as noted by Defendants' in their response in opposition, Plaintiff's conclusions are unfounded, wholly unsupported and fail to support a finding that he is entitled to a summary judgment.  Plaintiff also failed to file a brief in reply in support of his (second) motion for summary judgment.

In light of the foregoing, Defendants' motion for judgment on the pleadings is well-taken and should be granted.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion for judgment on the pleadings (Doc. 16) be **GRANTED** for the reasons stated and alternatively, that judgment be entered in Defendants' favor with prejudice based upon Plaintiff's failure to prosecute.  **IT IS FURTHER RECOMMENDED THAT** Plaintiff's motions for summary judgment (Docs.  17, 26) be **DENIED** and that this case be **CLOSED.**

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DANIEL L. HELLMUTH,

    Plaintiff,

v.

CITY OF MIDDLETOWN, OHIO, et al.,

    Defendants.

Case No. 1:19-cv-303

Cole, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

5