UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL L. HELLMUTH,

      Plaintiff,

  v.

CITY OF MIDDLETOWN, OHIO, *et al.*,

      Defendants.

Case No. 1:19-cv-303
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's May 20, 2020, Report and Recommendation ("R&R") (Doc. 29). The Magistrate Judge recommends that the Court **GRANT** Defendants' Motion for Judgment on the Pleadings (Doc. 16), **DENY** Plaintiff's Motions for Summary Judgment (Docs. 17 and 26), and accordingly **ENTER JUDGMENT** in Defendants' favor **WITH PREJUDICE**. The Magistrate Judge recommends that result both (1) on the merits, and (2) based on Hellmuth's failure to prosecute. (R&R at #236). The R&R advised all parties that failure to object within the 14 days specified by the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See id.* at #237). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "*fail[ure] to file* an objection to the magistrate judge's R & R … is

forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed and no party has filed one.

That could end the matter, but there is one additional wrinkle. Hellmuth is appearing pro se. The Court sent the R&R to the address that Hellmuth has on file with the Clerk's Office, but that mailed document came back on June 17, 2020, marked "Not Deliverable as Addressed" and "Unable to Forward." (*See* Doc. 30, #238). It appears that Hellmuth moved, and has failed to provide the Court his new address or other contact information.

The Court must thus consider what impact, if any, the inability to deliver the R&R to Hellmuth has on the Court's review of the R&R. Fortunately, precedent provides helpful guidance on this issue. As another court in this District recently explained, citing Sixth Circuit caselaw:

> Plaintiff has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action.").

*Oesch v. Ohio Dep't of Corr.*, No. 2:19-cv-1758, 2019 WL 2289836, at *1 (S.D. Ohio May 29, 2019) (alterations in original). In short, it is not the Court's job to track down a missing litigant, but rather the litigant must ensure that the Court has accurate contact information. Hellmuth has had roughly five months to provide updated

contact information to the Clerk's Office, and he has not done so. That is additional evidence confirming his ongoing failure to prosecute this matter.

Based both on Hellmuth's failure to timely file an objection, as well as his failure to prosecute this action, the Court **ADOPTS** the Report and Recommendation (Doc. 29), **GRANTS** Defendants' Motion for Judgment on the Pleadings (Doc. 16), **DENIES** Plaintiff's Motions for Summary Judgment (Docs. 17 and 26), and accordingly **ENTERS JUDGMENT** in Defendants' favor **WITH PREJUDICE**. The Court **DIRECTS** the Clerk to enter judgment accordingly.

  **SO ORDERED.**

November 12, 2020
**DATE**
        **DOUGLAS R. COLE**
        **UNITED STATES DISTRICT JUDGE**